# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **X.B. and E.B.**

**No. 17-0146** (Ohio County 16-CJA-7 & 16-CJA-8)

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father E.B., by counsel Richard W. Hollandsworth, appeals the Circuit Court of Ohio County's November 16, 2016, order terminating his parental rights to X.B. and E.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed responses in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph J. Moses, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner asserts that the circuit court erred in (1) relying on his criminal history and his arrest and conviction for domestic battery during these proceedings as a basis for the termination of his parental rights; and (2) failing to continue the dispositional hearing until after he pled guilty and was sentenced for domestic battery so that he could "openly" testify as to "the alleged domestic violence" in this case.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that he and E.B.-1's mother, K.F., engaged in domestic violence in the presence of the children.[2] Specifically, the DHHR alleged that petitioner struck K.F. in the face, leaving a bruise; that he "threw a beer" causing it to spill on the children; that he previously choked K.F. to the point that she lost consciousness; that he previously "slamm[ed] on the brakes [of a car] causing her to strike her head"; and that he has a history of criminal violence that includes criminal charges for domestic battery and fleeing a police officer and a felony conviction for assault.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The petition named several children and adult respondents not at issue in this appeal.

1

In March of 2016, petitioner stipulated that he was the biological father of the children; that he committed child abuse and neglect by engaging in domestic violence in the children's presence; and that he had a violent criminal history "that includes a conviction and incarceration for a felony charge of unlawful assault . . . [and] a prior arrest and charge for domestic battery . . . (which was dismissed as part of a plea deal)." The circuit court accepted the stipulation and adjudicated petitioner as an abusing parent.

Thereafter, petitioner moved for and was granted a post-adjudicatory improvement period. The focus of petitioner's improvement period was to improve his problems with anger and violence. His abuse of alcohol and other substances was also of concern. Petitioner agreed to submit to random drug and alcohol screens; attend and complete a batterer's intervention program; attend and complete a psychological evaluation and individualized therapy; and participate in parenting and adult life skills classes. Within days of the beginning of his improvement period in March of 2016, petitioner began attending the batterer's intervention program.

In April of 2016, petitioner was arrested on charges of battery, malicious assault, and domestic battery against two different women. Due to the pending charges, petitioner was removed from the batterer's intervention program, as the program did not permit those with active criminal charges to attend.

In November of 2016, the circuit court held a dispositional hearing. At that hearing, the DHHR presented evidence that petitioner failed to attend and complete the batterer's intervention program and individualized therapy and that he continued to engage in acts of violence with others, resulting in his arrest for battery. Petitioner stated that he refused to testify under his Fifth Amendment constitutional right against self-incrimination. It was noted that petitioner was scheduled to have a plea hearing on his pending domestic battery charge immediately following the dispositional hearing.

Petitioner argued that the circuit court should impose a less-restrictive disposition than termination. The DHHR and guardian both recommended termination. At the conclusion of the dispositional hearing, the circuit court took the matter under advisement but instructed counsel to inform the court of the result of petitioner's plea hearing. It was later reported that petitioner pled guilty to one count of domestic battery and was sentenced to one year in jail.

By order entered on November 16, 2016, the circuit court terminated petitioner's parental rights to the children. In its order, the circuit court found that petitioner's silence was affirmative evidence of his culpability. The circuit court noted that petitioner had a history of criminal violence beginning in 2007 that continued until the dispositional hearing, at which time criminal charges were pending against him. Petitioner ultimately pled guilty to domestic battery. The circuit court further noted that petitioner failed to comply with services such as the batterer's intervention program (due to the arrest during his improvement period) and individualized therapy.[3] This appeal followed.

---

[3]Petitioner's parental rights were terminated below. The children are permanently placed with their respective mothers, who retain their parental rights.

2

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights to the children based on his criminal history, his arrest, and his conviction for domestic battery during these proceedings. At the outset, we note that petitioner stipulated to his history of criminal violence at the time of his adjudication. We explained that a party may not invite an error and later employ that error as a means to set aside its consequences at a later date. *See State v. Crabtree*, 198 W.Va. 620, 627 482 S.E.2d 605, 612 (1996) (explaining that "'[i]nvited error' is a cardinal rule of appellate review applied to a wide range of conduct. It is a branch of the doctrine of waiver which prevents a party from inducing an inappropriate or erroneous response and then later seeking to profit from that error"). Because petitioner, through his stipulation to a history of criminal violence, invited the circuit court to consider the same, we find that petitioner may not now employ that consideration as a means to set aside the circuit court's rulings.

Moreover, we have held that circuit courts in abuse and neglect proceedings may consider a respondent's criminal conduct when "relevant to the issues of abuse and neglect upon which the petition was based." *In re: A.S.-1*, No. 16-0549, 2016 WL 6679015, at *4 (W.Va. Nov. 14, 2016) (memorandum decision). It is clear that petitioner's repeated instances of criminal violence beginning in 2007 and continuing to the date of the dispositional hearing (at which time he pled guilty to the charge of domestic battery) were clearly relevant to the domestic violence at issue in the instant proceedings.

Further, we disagree with petitioner's argument that his termination was in error because he complied with "everything else" in his improvement period apart from his criminal conduct. First, petitioner's argument ignores our holding that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered." Syl. Pt. 4, in part, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Second, petitioner undisputedly failed to complete the batterer's intervention program and individualized therapy, which were both terms of his

3

improvement period.[4] Therefore, we find no reversible error in the circuit court's order as alleged in petitioner's first assignment of error.

Petitioner's second ground for appeal is that the circuit court erred in denying him a continuance so that he could complete his criminal plea hearing, which he argues would have permitted him to openly testify about the circumstances of his case. Rule 5 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings states that "[u]nder no circumstances shall a civil child abuse and neglect [proceeding] be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." While petitioner emphasizes that the delay would only have been for a few hours or a few days, the issue here is not about timing. Rather, the issue is whether the circuit court's refusal to acquiesce to a delay in abuse and neglect proceedings designed to await the resolution of a criminal prosecution was in error. We find that it was not. To the contrary, we find that petitioner was not entitled to a continuance of his abuse and neglect proceeding for the purpose of awaiting the conclusion of his criminal prosecution.

Petitioner chose not to openly testify in the abuse and neglect proceeding in light of his criminal proceeding. We have held that

> "'[b]ecause the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability.' Syl. Pt. 2, *West Virginia Dept. of Health and Human Resources ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996)." Syl. Pt. 2, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002).

Syl. Pt. 2, *In re K.P.*, 235 W.Va. 221, 772 S.E.2d 914 (2015). Therefore, petitioner's silence could be used as affirmative evidence against him. Under the circumstances of this case, we find no merit to petitioner's second assignment of error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 16, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 19, 2017

---

[4]Petitioner appears to allege that the DHHR failed to make reasonable efforts to provide him with individualized therapy during his improvement period. Because petitioner did not allege this issue as a specific assignment of error or fully develop the same, we need not address the matter in this memorandum decision. However, we note that petitioner admits the DHHR worker "gave him the phone number" for the health care provider who would provide his therapy.

4

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker